**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 94-50782

CHRISTOPHER COLUMBUS COOPER,

Plaintiff-Appellant,

versus

O. A. BROOKSHIRE, Sheriff of
Ector County, Texas, ET AL.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas

November 22, 1995

Before SMITH, WIENER, AND DeMOSS, Circuit Judges:

WIENER, Circuit Judge:

The sole issue presented by this appeal is whether, for the purposes of FED. R. CIV. P. 5(e), a prisoner's pro se complaint is "filed" on the date it is properly delivered to prison officials pursuant to the prison's established procedures for prisoners' mail,[1] rather than the date it is received by the clerk of court.

---

[1] We do not here address situations in which a prison maintains facilities for inmates to deposit legal mail directly into a mailbox of the U.S. Postal Service, and therefore the pro se prisoner plaintiff in fact sends legal filings via the U.S. Postal

Agreeing with the conclusions uniformly reached by all four circuit courts that have considered this question,[2] we hold that Plaintiff-Appellant Christopher Columbus Cooper's complaint against prison officials in Ector County, Texas (Ector County officials) should be deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court. We therefore reverse the magistrate judge's order granting the Ector County officials' motion to dismiss, and remand for further proceedings.

I

FACTS AND PROCEEDINGS

While incarcerated in a federal prison in El Reno, Oklahoma, Cooper drafted a pro se complaint pursuant to 42 U.S.C. § 1983 (§ 1983). On July 11, 1994, a Monday, Cooper signed the complaint before a notary public and deposited it in the prison's legal mail system.[3] Prison authorities forwarded Cooper's complaint to the district court clerk, who received it on July 15, 1994, a Friday.

This case hinges on that date of receipt, as Cooper's cause of

---

Service.

[2]See Dory v. Ryan, 999 F.2d 679 (2d Cir. 1993), modified on reh'g on other grounds, 25 F.3d 81 (2d Cir. 1994); Garvey v. Vaughn, 993 F.2d 776 (11th Cir. 1993); Lewis v. Richmond City Police Department, 947 F.2d 733 (4th Cir. 1991); see also Faile v. Upjohn, 988 F.2d 985, 988 (9th Cir. 1993) ("[W]e see no reason to treat other civil `filing' deadlines differently than the filing for a civil appeal.").

[3]The Ector County officials contended at oral argument that Cooper used the U.S. Postal Service to mail the complaint; however, the record clearly establishes that Cooper in fact used the prison's mailing system.

action accrued exactly two years and one day earlier.[4]  The magistrate judge who heard the case found that a two-year statute of limitations applied, and recommended dismissing Cooper's claim as untimely.  Cooper objected, arguing that under the Supreme Court's holding in <u>Houston v. Lack</u>,[5] his complaint should be considered filed as of the date he placed it in the prison's mail system.  The district court agreed with Cooper and returned the case to the original magistrate judge for further proceedings.  The Ector County officials then moved to dismiss on the grounds that the complaint was time-barred.  After both parties consented to have the magistrate judge order the entry of a final judgment pursuant to 28 U.S.C. § 636(c)--and despite the prior opinion of the district judge to the contrary--the magistrate judge granted the Ector County officials' motion and dismissed the complaint as untimely.[6]  Cooper appealed the magistrate judge's order directly

_____

[4]Cooper's complaint asserted that the Ector County officials violated his constitutional rights by placing him in solitary confinement without notice or hearing and in a manner that amounted to cruel and unusual punishment.  The relevant period of solitary confinement ended on July 14, 1992.
     The complaint also asserted constitutional violations arising from earlier periods of incarceration in the Ector County jail.  The magistrate judge dismissed those claims as clearly time-barred, and Cooper does not appeal their dismissal.

[5]487 U.S. 266 (1988).

[6]For a magistrate judge to decline to follow a district court's opinion may be unusual, but when (1) both parties consent to the jurisdiction of the magistrate judge and (2) the district court specifically designates the magistrate judge to conduct civil proceedings, the magistrate judge "may act in the capacity of a district court judge" and is not bound by prior opinions expressed by the district judge. <u>See</u> <u>McGinnis v. Shalala</u>, 2 F.3d 548, 551 (5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1293 (1994); <u>see also</u> 28 U.S.C. § 636(c) (1988 & Supp. V 1993); <u>Neals v. Norwood</u>, 59 F.3d

to this court.[7]

## II.

## ANALYSIS

In <u>Houston v. Lack</u>, a state prisoner drafted a pro se notice of appeal from the dismissal of a habeas corpus petition. He deposited the notice into the prison mail system three days before the thirty-day filing deadline set by FED. R. APP. P. 4(a)(1); but the district court clerk did not receive the notice of appeal until one day after the expiration of the filing period.[8] The Supreme Court held that the notice of appeal had been filed as of the moment it was delivered to prison officials.[9]

A bright-line "mailbox rule" for pro se prisoners was thereby established. The Supreme Court recognized that without a mailbox rule, prisoners acting pro se would be unduly prejudiced in their attempts to exercise their rights under the law:

> Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access--the prison authorities--and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.[10]

---

530, 532 (5th Cir. 1995).

[7]<u>See</u> 28 U.S.C. § 636(c).

[8]<u>Houston v. Lack</u>, 487 U.S. at 268-69.

[9]<u>Id.</u> at 270.

[10]<u>Houston</u>, 487 U.S. at 271-72; <u>see also</u> <u>Thompson v. Rasberry</u>, 993 F.2d 513, 515 (5th Cir. 1993) (extending <u>Houston</u>'s mailbox rule to pro se prisoners' written objections to a magistrate's proposed findings and recommendations).

The Houston Court reasoned that the mailbox rule also pretermits time-consuming examinations of the circumstances behind any delay in the delivery of prisoners' documents to the court clerk.[11] The Court emphasized the inevitable complexity of such examinations, as "the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control . . . and who may have every reason to delay."[12]

The concerns underlying the Houston decision clearly apply to instant case. Prisoners filing pro se complaints face the same limitations as prisoners filing pro se notices of appeal: They cannot visit the courthouse to ensure that their pleadings are stamped "filed"; and they can neither place their complaints personally in the hands of United States postal workers nor phone the district court to ascertain that the papers have been delivered.[13] Moreover, by definition they have no attorney to institute and monitor the process.

Finally, any delay between the submission of a complaint to prison authorities and its arrival at the courthouse, like any delay in the arrival of a notice of appeal, raises difficult issues of possible neglect or even intentional interference. The temptation for willful obstruction recognized in Houston as to notices of appeal is even more compelling in the case of complaints: When prisoners appeal, they have already lost the

---

[11]See Houston, 487 U.S. at 275-76.

[12]Houston, 487 U.S. at 271; see also id. at 276.

[13]See Houston, 487 U.S. at 270-71; Dory, 999 F.2d 682.

5

first round.  If prison authorities have an incentive to delay a filing under those circumstances,[14] then they have an even greater motivation to thwart the timely filing of new claims the merits of which have yet to be determined.[15]

It is true that the Houston holding was based on an interpretation of FED. R. APP. P. 4(a)(1) (Rule 4(a)(1)), whereas the instant case involves FED. R. CIV. P. 5(e) (Rule 5(e)). Regardless, the language of both rules is "so similar that an identical interpretation [is] warranted."[16]  Both rules plainly require that litigation papers be filed with the court clerk,[17] yet the Supreme Court refused to read the black letter of Rule 4(a)(1) in a vacuum. Instead, the Court viewed the rule's language in the broader context of its dominant purpose and overall equity, and held that the filing requirement is met when a prisoner delivers a

---

[14]See Houston, 487 U.S. at 271.

[15]It should be noted that Cooper filed his § 1983 complaint against the Ector County officials while he was incarcerated in an independent, federal prison system.  The authorities who received his complaint therefore had less reason to delay than if they themselves had been named defendants.  Nonetheless, this distinction is insufficient to merit the conclusion that the Houston rule should not apply to Cooper's case, as it can be assumed that prison officials generally are less than enthusiastic about facilitating the lawsuits of prisoners.

[16]Garvey, 993 F.2d at 782 (citing Lewis, 947 F.2d at 736).

[17]Compare FED. R. APP. P. 4(a)(1) ("[T]he notice of appeal required by Rule 3 must filed with the clerk of the district court within 30 days of the date of entry of the judgment . . . .") with FED. R. CIV. P. 5(e) ("The filing of the papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . .").

6

pro se notice of appeal to prison authorities.[18]  Noting that the

_Houston_ opinion nowhere indicates that it should be limited to

habeas appeals,[19] we join all other circuit courts that have

considered this issue and extend the Court's conclusion to the

filing of a prisoner's pro se complaint under Rule 5(e).

The Ector County officials argue that we should not extend the

_Houston_ analysis to the filing of complaints, as Rule 4(a)(1)

allows only thirty days for the filing of a notice of appeal,

compared to the two-year period available for the filing of a §

1983 complaint.[20]  We decline to credit this argument for two

---

[18]_See Houston_, 487 U.S. at 270.  In 1993, after the _Houston_ opinion was handed down, FED. R. APP. P. 4 was amended to adopt the mailbox rule for all prisoner notices of appeal.  Rule 4(c) now reads, "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing."  _See_ FED. R. APP. P. 4(c).
The fact that similar changes have not been made to FED. R. CIV. P. 5(e) is of no moment: Different committees draft changes to the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure; and neither the committees nor Congress is under an obligation to consider and incorporate every possible implication of Supreme Court rulings.

[19]_See Hamm v. Moore_, 984 F.2d 890, 892 (8th Cir. 1992) (citing _Hostler v. Groves_, 912 F.2d 1158, 1161 (9th Cir. 1990), _cert. denied_, 498 U.S. 1120 (1991)).

[20]As there is no federal statute of limitations for § 1983 actions, the federal courts borrow the forum state's general personal injury limitations period.  _See Jackson v. Johnson_, 950 F.2d 263, 265 (5th Cir. 1992); _Ali v. Higgs_, 892 F.2d 438, 439 (5th Cir. 1990).  The applicable statute of limitations in Texas is two years.  _See_ TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon's 1986).
The Ector County officials also attempt to distinguish this case from _Houston_ on the grounds that the failure to file a notice of appeal in a timely manner raises a _jurisdictional_ barrier to review, whereas the filing of a complaint beyond the limitations period raises a _procedural_ roadblock.  This court has already

reasons. First, the difference in filing periods fairly reflects the relative degrees of difficulty of the tasks involved. A notice of appeal need only list the name of the appellant, the order or judgment appealed from, and the name of the court to which the appeal is taken.[21] The notice typically consists of but one fairly formulaic, easily adaptable paragraph.

A complaint, by contrast, must state the basis for the jurisdiction of the trial court, a description of a claim or claims upon which relief can be granted, and a demand for judgment for relief sought.[22] Frequently complaints contain multiple claims,[23] and relief "in the alternative or of several different types may be demanded."[24] Thus, even though technical forms of pleadings are no longer required,[25] and pleadings--particularly pro se pleadings--are generally construed liberally,[26] a complaint requires considerably more background research and individual attention than does a

---

extended Houston's mailbox rule to a purely procedural issue--the filing of written objections to a magistrate's proposed findings and recommendations. See Thompson, 993 F.2d at 515. Thus, in the instant case, any dissimilarity between jurisdictional and procedural issues amounts to a "distinction without a difference."

[21]FED. R. APP. P. 3(c).

[22]FED. R. CIV. P. 8(a).

[23]FED. R. CIV. P. 8(e)(2).

[24]FED. R. CIV. P. 8(a)(3).

[25]FED. R. CIV. P. 8(e)(1).

[26]See, e.g., Baton Rouge Bldg. & Const. v. Jacobs Constructors, 804 F.2d 879, 881 (5th Cir. 1986).

notice of appeal.[27]  Moreover, a great majority of prisoner pro se filings consist of § 1983 complaints, which in almost every instance must comply with the heightened pleading standard of specificity.[28]

The Ector County officials' argument also fails because it is blind to the underlying policy of the <u>Houston</u> opinion:

> [<u>Houston</u>] simply provides that a statute of limitations has the same practical effect on every pro se prisoner litigant it governs.  The length of the time restriction involved is irrelevant.  Limitations periods themselves make no distinction between those who file early and those who file late.  The <u>Houston</u> rule merely serves to create functionally equivalent time bars and provide equal access to the courts for pro se prisoner litigants.[29]

We are satisfied that pro se prisoner litigants are at least as needful of a level playing field when filing complaints as are such litigants when filing notices of appeal.  Accordingly, we reverse the magistrate judge's order dismissing Cooper's complaint as untimely, and remand for further proceedings.

REVERSED AND REMANDED.

---

[27]Cooper's complaint, for example, comprises more than eighteen handwritten pages.

[28]<u>See, e.g.</u>, <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995) (en banc) (interpreting <u>Elliott v. Perez</u>, 751 F.2d 1472 (5th Cir. 1985)).

[29]<u>Lewis</u>, 947 F.2d at 735.