No. 98-41200
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41200
Conference Calendar

_____

DWAYNE S. JACOBS,

                                        Plaintiff-Appellant,

versus

GERALD HAYES, Individually and in
His Official Capacity as a Doctor,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1798
- - - - - - - - - -
June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Dwayne S. Jacobs, a Texas prisoner (# 569680), appeals from the dismissal of his pro se civil rights action as frivolous under 28 U.S.C. § 1915(e)(2)(B).  The district court sua sponte dismissed the complaint because it was barred by the applicable two-year Texas statute of limitations.  A district court may sua sponte dismiss a complaint as frivolous on statute-of-limitations grounds where "it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). For § 1983

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims, federal courts apply the general personal injury statute of limitations of the forum state, <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989), which is two years in Texas.  <u>Cooper v. Brookshire</u>, 70 F.3d 377, 380 n.20 (5th Cir. 1995); <u>see</u> TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West).

Jacobs is complaining about surgery performed on his leg in 1987.  He contends that the injury was not discovered until 1991 and that the district court dismissed a previous complaint on this matter in 1993.  Jacobs has not made sufficient allegations to warrant approximately a decade of tolling of the applicable limitations period.  The district court did not abuse its discretion in applying the limitations provision.

AFFIRMED.