IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40798
Conference Calendar

_____

JESSE JOE SOLIZ,

Plaintiff-Appellant,

versus

STEVE LINAM; BOB CLAY; VICTORIA POLICE DEPARTMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-00-CV-41
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Jesse Joe Soliz, Texas prisoner # 530640, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Soliz is challenging the district court's certification that IFP should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court held that the police officers were immune from liability for any testimony at trial based on absolute

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immunity for witnesses.  The district court held that to the extent Soliz was challenging his conviction, his claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994), and he must challenge his conviction in a habeas corpus proceeding.  The district court held that the remainder of his claims were time-barred because they occurred more than two years before the action was filed.  Soliz argues on appeal that Heck does not apply to his allegations regarding the false aggravated assault charge because he was found not guilty by the jury on that charge.

The arguments in Soliz' brief make it clear that he is attempting to challenge his conviction in this § 1983 action.  "A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been `reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) quoting Heck, 512 U.S. at 486-87.  The district court correctly held that any claims arising out of his conviction for possession of controlled substances are barred by Heck.

To the extent that Soliz is correct that Heck does not bar his claims against the officers for allegedly making false accusations of aggravated assault, and to the extent that those claims arise out of actions taken by the police officers which fall outside the scope of their testimony at trial and thus are

not barred by witness immunity, the claims are still time-barred. The events in question occurred in 1989. Soliz did not file this action until 2000. For § 1983 claims, federal courts apply the general personal injury statute of limitations of the forum state. Owens v. Okure, 488 U.S. 235, 249-50 (1989). The applicable statute of limitations in Texas is two years. Cooper v. Brookshire, 70 F.3d 377, 380 n.20 (5th Cir. 1995); see Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon's Supp. 2001). Soliz does not challenge the district court's holding that all of his remaining claims not barred by Heck or immunity are time-barred.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Soliz' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Soliz is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Soliz that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.