United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50025
Summary Calendar

WILLIAM J. DOCKERAY, JR.,

Plaintiff-Appellant,

versus

FNU BLACK, Warden; LATNYN SAMPSON;
GREG SKEEN; FNU BEND, Major; FNU
MCMILLAN, Lieutenant; FNU BENTLEY;
SHEANA JOHNSON; FNU BURNETT; FNU
JANUARY; GIL HAYES; HEREALD GARRETT;
RAY E. RODRIGUEZ; PAUL HARDWICK; HOMER
HERNEY; JOHN ALVIS; SHAWN REGEAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-888-LY
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

William J. Dockeray, Texas prisoner # 563359, has filed an

application for leave to proceed *in forma pauperis* (IFP) on appeal,

following the district court's dismissal as frivolous of his civil

rights complaint. By moving for IFP, Dockeray is challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Dockeray contends that the district court in Austin lacked documents filed in the Houston district court before the case was partially transferred to Austin. There is no indication that any such documents are lacking. To the extent that Dockeray is challenging the order partially transferring the case to Austin and asserting that he lacked supplies for submitting documents to the district court, these issues are not the reasons that the district court denied IFP certification. See id. at 203.

Dockeray asserts that the district court should not have dismissed his complaint without giving him notice of problems with the case. To the extent this constitutes an assertion that he should have been given an opportunity to amend his complaint, he was allowed to do so through the filing of a more definite statement. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

The district court concluded that Dockeray's claims against individuals at the Lockhart Work Facility and the Caldwell County Jail were barred by limitations because the events had occurred in 1998, but Dockeray had not filed his complaint until 2002. Dockeray asserts that his complaint is in fact timely because he properly filed a civil rights complaint in 1999 by submitting it to prison officials, although the district court never received that complaint. See Cooper v. Brookshire, 70 F.3d 377, 379-81 (5th Cir.

2

1995).  Even if Dockeray's interpretation of the mailbox rule is correct, he has not established that his complaint was filed in a timely manner.  See TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a) (West Supp. 1997).  Dockeray's claims arose at the time he learned of his injuries in 1998.  See Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).  Dockeray has failed to establish a civil rights conspiracy.  See 42 U.S.C. § 1985; Miss. Women's Med. Clinic v. McMillan, 866 F.2d 788, 793 (5th Cir. 1989).

The district court concluded that Dockeray's challenges to his parole revocation and the calculation of time credits was barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Dockeray does not challenge this ruling on appeal, and any such claim is deemed abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dockeray's appeal is thus without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Dockeray IFP status on appeal, we deny the motion for leave to proceed IFP, and we DISMISS Dockeray's appeal as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

APPEAL DISMISSED.