Morilun ZOLBROD; Barbara Zolbrod, as next friend and natural mother of Regina Zolbrod and Catherine Zolbrod, Plaintiffs–Appellants,

v.

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICE; Child Protective Services, Region 6; C. Ed Davis; Babette T. Howard; Bobby Parnell; Robert J. Eckels, County Judge; Daniel Telles; Elaine Stolte; Jill Smith; Cypress–Fairbanks Independent School District; Sharon Barnes; Bonnie Crane Hellums, Judge 247th Judicial District Court; Beth Liebling; Harris County, Texas; Elneita Hutchins–Taylor; Harris County Children's Assessment Center; Law Offices of Beth Liebling; Sheriff's Department of Harris County, Texas; Hernandez; Aida Villareal; The Children's Assessment Center of Harris County, Texas; Trudy Tovar, Defendants–Appellees.

No. 04–20218.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided May 18, 2005.

Morilun Zolbrod, Dalhart, TX, pro se.

Barbara Zolbrod, Jefferson, MD, pro se.

John Mack Grey, Office of the Attorney General for The State of Texas, Wade Crosnoe, Thompson, Coe, Cousins & Irons, Austin, TX, Lisa Rice Hulsey, County Attorney's Office for the County of Harris, Lisa A. Brown, Bracewell & Patterson, Houston, TX, John Sepehri, Shawn W.

Phelan, Thompson, Coe, Cousins & Irons, Dallas, TX, for Defendants–Appellees.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Plaintiffs Morilun, Barbara, Regina, and Catherine Zolbrod appeal the district court's dismissal of their 42 U.S.C. § 1983 action for failure to state a claim upon which relief can be granted, pursuant to FED.R.CIV.P. 12(b)(6). Defendants have argued that the notice of appeal, signed only by Morilun Zolbrod, is not effective as to Barbara, Regina, and Catherine Zolbrod because Morilun and Barbara Zolbrod had divorced and because under the divorce decree, Morilun lacked standing to represent his daughters in legal matters. Because Morilun and Barbara Zolbrod had remarried before the notice of appeal was filed, the notice of appeal is effective as to all plaintiffs. *See* FED. R.APP. P. 3(c)(2).

To the extent that the Zolbrods seek review of or raise claims that are "inextricably intertwined" with the divorce proceedings or Morilun Zolbrod attempts to challenge the validity of his guilty plea, the claims are barred by the *Rooker–Feldman*** doctrine. *See Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir.1995). Barbara, Catherine, and Regina Zolbrod are not entitled to relief on their claims arising from Morilun Zolbrod's conviction, although they were not parties to the criminal proceedings, because they have not established a violation of their constitutional rights arising from those proceedings.

See 42 U.S.C. § 1983; *cf. Morris v. Dearborne*, 181 F.3d 657, 669 (5th Cir.1999).

The Zolbrods' challenges to the October 2000 seizures of Barbara, Regina, and Catherine and the forced removal of Morilun from the family home at that time are barred by the applicable two-year limitations period. *See Cooper v. Brookshire*, 70 F.3d 377, 380 n. 20 (5th Cir.1995). The Zolbrods have not established that the March 2001 removal of Regina and Catherine from school into foster care resulted in a constitutional violation. *See* TEX. FAM. CODE ANN. §§ 261.302, 261.303; *Morris*, 181 F.3d at 669. The Zolbrods did not establish that, "but for" a retaliatory motive, the defendants would not have sought to terminate Morilun and Barbara's parental rights. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995)(prisoner retaliation action). The Zolbrods did not establish municipal liability on behalf of the government agencies. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997); *Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir.1993).

The Zolbrods have not established that the district court erred in dismissing their claims. *See McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 160 (5th Cir.1995). Consequently, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

** *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).