# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-41085
Summary Calendar

MELVIN STARKS

Plaintiff-Appellant

v.

Unidentified HOLLIER, Nurse; Unidentified HASHOP, Nurse Practitioner;
EARNEST CHANDLER, Warden

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-247

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Melvin Starks, federal prisoner # 09691-002, appeals the dismissal of his suit filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) wherein he claimed damages for his alleged exposure to tuberculosis due to the defendants' failure to follow Bureau of Prisons policies. This court reviews the district court's dismissal of Starks's suit

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as time barred de novo. See Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005).

A Bivens action is analogous to an action under 42 U.S.C. § 1983 except that § 1983 applies to constitutional violations by state, rather than federal, actors; this court does not distinguish between Bivens and § 1983 claims. Izen v. Catalina, 398 F.3d 363, 367 n.3 (5th Cir. 2005). Analysis of a Bivens claim therefore "parallel[s] the analysis used to evaluate state prisoner's § 1983 claims." See Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (citation omitted).

Because there is no federal statute of limitations for § 1983 and Bivens claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (holding that federal court should also give effect to any applicable tolling provisions when applying forum state's statute of limitations). In Texas, the appropriate statute of limitations is two years. See Cooper v. Brookshire, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005). The statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement. See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

Although the Texas limitations period applies, federal law governs when Starks's claim accrued. See Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted). A plaintiff need not know that he has a legal cause of action; he need know only the facts that would ultimately support a claim. Id.

The district court held that Starks's claims accrued no later than September 23, 2002, the date when he was first informed that he had tested positive for tuberculosis. Starks filed his first Bivens complaint, which preceded the instant suit, on September 9, 2004. At that point only 14 days remained in the two-year limitations period. See Cooper, 70 F.3d at 380 n.20. That complaint was dismissed without prejudice pursuant to § 1997e for failure to exhaust administrative remedies on November 1, 2004. The district court held that the applicable statute of limitations was tolled while Starks sought administrative relief from November 1, 2004, until his final administrative appeal was rejected on October 28, 2005. The district court concluded that, following applicable tolling allowances, Starks's deadline to file a complaint was November 11, 2005. Starks did not file the instant complaint until April 2006.

Starks contends that the district court erred in two respects. First, he argues that the district court should have tolled the filing deadline in light of a time extension made by the Administrative Remedy Coordinator of the Central Office (Coordinator) during the pendency of Starks's final administrative appeal. As evidence of the extension, Starks attaches correspondence from the Coordinator. This correspondence was not submitted to the district court and therefore should not be considered by this court. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Moreover, the correspondence indicates only that the Coordinator extended the date for responding to Starks's August 14, 2005, administrative appeal until November 19, 2005. However, as the district court found, and as Starks himself concedes, the Coordinator actually issued a response to Starks's appeal on October 28, 2005. That the Coordinator could have taken longer to issue the response has no relevant bearing upon the district court's time bar analysis.

Second, Starks contends that the district court erred in holding that the tolling period attributable to the administrative review process ended on October 28, 2005, because Starks did not receive the Coordinator's response until a later

date. The record reflects, however, that Starks was aware no later than November 14, 2005 of the final exhaustion of his administrative remedies. Even assuming the limitations period applicable to Starks's claims was tolled until that date, his complaint filed in April 2006 was untimely."

AFFIRMED.