# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40967
Summary Calendar

LORENZO FLINT

Plaintiff-Appellant

v.

BUREAU OF PRISONS; KATHELEN HAWK-SAWYER, Individually and In Her Official Capacity as Director of the Bureau of Prisons; WALTER WHALEY, Individually and In His Official Capacity as Captain; JOSEPH MARSHALL, Individually and In His Official Capacity as Special Investigator Supervisor; DONALD CHRISTIE, Individually and In His Official Capacity as Correctional Officer; K TIMMS, Individually and In His Official Capacity as Lieutenant; RENALDO SMITH, Individually and In His Official Capacity as Unit Manager; JOEL ROGALSKY, Individually and In His Official Capacity as Case Manager; BENEVITO LEON, Individually and In His Official Capacity as Unit Counselor; UNITED STATES OF AMERICA

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-189

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lorenzo Flint, federal prisoner # 42908-019, appeals the 28 U.S.C. § 1915A dismissal of his complaint filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, for failure to state a claim. Flint argues that the district court's § 1915A dismissal of his complaint was error. A district court shall dismiss a prisoner's complaint if the court determines that the complaint fails to state a claim. See § 1915A(b)(1). Claims that are clearly time barred are properly dismissed under § 1915. Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998). Review of a § 1915A dismissal is de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

With regard to his Bivens claims, Flint invokes the Texas continuing tort doctrine and argues that the district court abused its discretion in finding that his cause of action accrued on October 1, 1999. Because there is no federal statute of limitations for Bivens claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); see also, Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). In Texas, the relevant statute of limitations is two years. See Cooper v. Brookshire, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005).

Although the Texas limitations period applies, federal law governs to determine when a Bivens claim accrues. Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (§ 1983 action). Flint's cause of action accrued on October 1, 1999, when BOP officials restricted his telephone privileges for 30 days for trading stock. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted); Gartrell, 981 F.2d at 257.

Flint's reliance on the continuing tort doctrine is misplaced. The Texas Supreme Court has not endorsed the doctrine. Creditwatch, Inc. v. Jackson, 157

S.W.3d 814, 816 n.8(Tex. 2005); see also General Universal Systems, Inc., v. HAL, Inc., 500 F.3d 444, 451-53 (5th Cir. 2007). Even if the doctrine was an established tolling provision under Texas law, it does not apply to harm that Flint alleged. See Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 269 (5th Cir. 1991). Given that Flint did not file the instant petition until March 26, 2003, the district court did not abuse its discretion when it dismissed his Bivens claims as time barred.

The applicable limitations period under the FTCA is two years from the time the claim accrued or six months from the time that the agency mails its final denial of the claim. See 28 U.S.C. § 2401(b). Although phrased in the disjunctive, § 2401(b) "requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001) (internal quotation and citation omitted). A cause of action under federal law accrues within the meaning of § 2401(b) "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. Because Flint's claims accrued between October 1, 1999, and March 14, 2000, but he did not submit his FTCA claims to the BOP until June 10, 2002, the FTCA claims that Flint raised in his March 26, 2003, complaint are time barred. See § 2401(b); Ramming, 281 F.3d at 162.

Flint's equitable tolling argument is unavailing. Flint fails to point to anything the BOP did to prevent him from filing his claims. See Teemac v. Henderson, 298 F.3d 452, 456 (5th Cir. 2002).

AFFIRMED.