# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2010

Charles R. Fulbruge III
Clerk

No. 09-10832
Summary Calendar

FRANK J. BANKS; SHARNIA BURFORD;
ANTHONY TATE; DARRELL THOMAS,

                                   Plaintiffs-Appellants,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
Head Office, Washington, D.C.;
FDIC REGIONAL OFFICE, Dallas, Texas;
FDIC FIELD OFFICE, Memphis, Tennessee;
SUE MATSON, Individually and in Her Official Capacity;
PATRICIA LENFERT, Individually and in Her Official Capacity;
DIANE CROOME, Individually and in Her Official Capacity;
MICHAEL R. TREGLE, Individually and in His Official Capacity;
JANICE LOWMAN, Individually and in Her Official Capacity;
CHRIS L. HUBBARD, Individually and in His Official Capacity;
MARVIN MCCOY, Individually and in His Official Capacity;
JOHN OR JANE DOE NO. 1; JOHN OR JANE DOE NO. 2;
JOHN OR JANE DOE NO. 3; JOHN OR JANE DOE NO. 4;
JOHN OR JANE DOE NO. 5; JOHN OR JANE DOE NO. 6;
JOHN OR JANE DOE NO. 7; JOHN OR JANE DOE NO. 8;
JOHN OR JANE DOE NO. 9; JOHN OR JANE DOE NO. 10,

                                   Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:08-CV-1076

No. 09-10832

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Plaintiffs, appearing *pro se*, appeal the denial of their Federal Rule of Civil Procedure 60(b) motion and the underlying dismissal, under Federal Rule of Civil Procedure 12(b)(6), of their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; 42 U.S.C. § 1983; and *Bivens*,[1] against the Federal Deposit Insurance Corporation ("FDIC") and its various officers.  We affirm.


I.

Soon after plaintiffs opened MemphisFirst Community Bank in Memphis, Tennessee, the FDIC began a series of annual audits.  Plaintiffs claim that, in the 2002, 2003, 2004, and 2005 audits, the FDIC made false findings of Regulation O violations and generally harassed the bank.  The mistreatment from the FDIC, plaintiffs claim, culminated in threats in January 2006 to levy civil money penalties, which had the effect of lowering the bank's selling price.[2]  The FDIC withdrew the threats in June 2006, after plaintiffs had retained counsel.

Plaintiffs sued in 2008, alleging claims under RICO, § 1983, and *Bivens*.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of FBI*, 403 U.S. 388 (1971).

[2] As plaintiffs put it in their opening brief,

[T]he true motive of why Appellants were subjected to this regulatory pretext became clear when the FDIC efforts culminated in the depression of the stock price of the financial institution leading to a transfer of ownership out of African-American hands to those of the majority population in blatant violation of the FDIC's stated policy of assisting Minority Owned Banks and Financial Institutions.

No. 09-10832

The defendants, FDIC and its named officers ("FDIC"), filed motions to dismiss for lack of subject matter jurisdiction, improper venue, insufficient process, and failure to state a claim. On February 2, 2009, the district court granted the motion to dismiss for failure to state a claim with respect to the RICO and § 1983 claims and dismissed *sua sponte* the *Bivens* claim as untimely. Soon thereafter, on February 11, plaintiffs filed a 60(b) motion to reopen the case. The court denied the motion on June 22, and on August 21, plaintiffs appealed.

## II.

We first identify what it is that plaintiffs are appealing. They filed their rule 60(b) motion within 28 days of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi). And they filed their appeal of the denial of that motion within 60 days of the denial. *See* FED. R. APP. P. 4(a)(1)(B), (4)(A). Thus, they *could have* timely appealed both the denial of the rule 60(b) motion and the underlying dismissal.

Although the notice of appeal mentions only the denial of the rule 60(b) motion, plaintiffs go on to argue the merits of the underlying claim in their briefs. The FDIC urges us to construe the appeal narrowly, to encompass only what is stated in the notice of appeal. We decline to do so, because that narrow construction would be out of step with the flexible approach of *Foman v. Davis*, 371 U.S. 178 (1962), and *Smith v. Barry*, 502 U.S. 244 (1992), as applied in our caselaw.

Indeed, "[o]ur court has consistently taken a forgiving approach when construing notices of appeal in order to avoid technical barriers to review." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806 (5th Cir. 2004). The touchstones are the intent of the appellant and the prejudice to the appellee. Here, the intent of the plaintiffs was most assuredly to appeal both the denial of the rule 60(b) motion and the dismissal of the underlying lawsuit, which came earlier in time, and the FDIC is not in any way prejudiced. *Cf. New York Life Ins. Co. v. Deshotel*, 142

3

No. 09-10832

F.3d 873, 884 (5th Cir. 1998).

After all, plaintiffs "included the . . . issue in [their] statement of the issues presented for review." *United States v. Lopez-Escobar*, 920 F.2d 1241, 1244 (5th Cir. 1991). Thus, both sides "briefed . . . issues related to the underlying judgment." *Id.* (citing *Foman*, 371 U.S. at 178). Plaintiffs should have stated in the notice of appeal that they appealed the adverse judgment in addition to the adverse 60(b) ruling. *See generally* FED. R. APP. P. 3(c). But we conclude, on this record, that the failure to do so does not prevent them from obtaining review of those issues.

## III.

Having jurisdiction to review the rule 12(b)(6) dismissal, we affirm, essentially for the reasons given by the district court. We review *de novo* motions to dismiss for failure to state a claim upon which relief can be granted. *See LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005).

As for the RICO claim, the complaint fails to elaborate how the alleged misdeeds of the FDIC amounted to a violation of 18 U.S.C. § 1962(a), (b), (c), or (d). *See, e.g.*, *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). The complaint does not include the amount and kind of facts necessary "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As for the § 1983 claim, it is well established that "federal officials, acting under color of federal law rather than state law, are not subject to suit under § 1983." *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1053 (5th Cir. 1993). And finally, as for the *Bivens* claims, the district court was correct both in its conclusion that the limitations period comes from state law, *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir.1999) (noting that that is true of both § 1983 and *Bivens* claims);

4

No. 09-10832

and in its decision that the claim-accrual determination comes from federal law, *Piotrowski v. City of Houston*, 237 F.3d 576 (5th Cir. 2001) (discussing in the context of § 1983 claims). The final relevant injury occurred on or around January 2006, when plaintiffs learned of FDIC's threats to levy civil fines.[3] By not suing until June 2008, plaintiffs ran afoul of the two-year statute of limitations. *See Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995).

IV.

"[T]he district court's denial of relief [under rule 60(b)] will be set aside on appeal only for an abuse of discretion." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984) (citation omitted). "It is not enough that the granting of relief might have been permissible, or even warranted––denial must have been so unwarranted as to constitute an abuse of discretion." *Id.* (citation omitted). Plaintiffs fail to meet that high burden.

In their motion, plaintiffs claimed they should be offered relief from the final judgment on account of "excusable neglect," FED. R. CIV. P. 60(b)(1), or "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6), because their counsel was seriously ill from December 2008 to February 2009 and thus unable to respond to rule 12(b) motions filed on December 15 and 30, 2008. We need not decide whether plaintiffs' reason constitutes "excusable neglect" or fits within the

---

[3] The district court determined, as a factual matter, that "the plaintiffs were aware of the threats prior to June 25, 2006," a date exactly two years before the plaintiffs sued. As the court reasoned:

> While the exact date of receipt of the letters from the FDIC is not established in the complaint, there is no indication that the plaintiffs remained unaware of the threat for five months after the date on the letters. Banks retained counsel and sent a detailed response *before* the FDIC withdrew the threats on or about June 26, 2006. Thus, it is clear from the face of the complaint that the plaintiffs were aware of the threats prior to June 25, 2006.

We agree.

No. 09-10832

rule 60(b)(6) catch-all, however, because the failure to respond to those earlier motions is irrelevant to the court's disposition of the case. The court never ruled on the December 15 and 30 motions. Instead, it granted the FDIC's motion to dismiss that was filed in September 2009, well after the time of counsel's incapacity. Indeed, to quote the district court, "The plaintiffs responded to that motion. Thus, the plaintiffs had an opportunity to respond––and *did* respond––to the only motion to dismiss the court considered." The court did not abuse its discretion in so finding.

## V.

Plaintiffs point to the fact that the relevant rule 12(b)(6) motion was filed only on behalf of FDIC and its various officers in their official capacity. Thus, plaintiffs claim, the court should have granted them a default judgment against each of the officers in his individual capacity, given that he did not make an appearance.[4] Plaintiffs misunderstand what a rule 12(b)(6) motion does: It focuses on the *claims*, not the parties. *See* FED. R. CIV. P. 12(b)(6). Here, the court determined––rightly––that plaintiffs had failed to state a claim upon which relief can be granted, without regard to whether those claims are stated against defendants in their official or individual capacity. In the absence of a valid claim, the court was in no position to enter a default judgment.

AFFIRMED.

---

[4] At any rate, it is inaccurate to say that the officers in their individual capacity did not make an appearance. They contested service of process and filed motions to dismiss earlier in the case.