# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

MELVIN WIAND,

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS; UNITED STATES ARMED FORCES RESERVE COMPLEX,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-3354

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Melvin Wiand, federal prisoner # 37221-177, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his complaint under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Wiand's complaint is based on an offensive comment made to him by a federal corrections officer.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10701

Along with his IFP motion, Wiand moves to supplement the record with the response to his Freedom of Information Act request related to his administrative case and moves for in camera review of those documents. Most of the documents Wiand submits are already in the record and those that are not in the record do not provide additional information about his claims. The motions are DENIED.

By moving in this court to proceed IFP, Wiand is challenging the district court's determination that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Id.* This court's inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court dismissed Wiand's FTCA claim, finding that (1) he failed to name the proper defendant, (2) his complaint was barred under 42 U.S.C. § 1997e(e); and (3) his claim was otherwise meritless. The court concluded that the officer's comment "amounted to a rude or insensitive insult, rather than an atrocious comment utterly intolerable in a civilized society" and was therefore insufficiently serious to support a state-law claim of intentional infliction of emotional distress. *See GTE Southwest., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999) (citations omitted). Besides Wiand's conclusory assertions that the officer's comments were atrocious and intolerable, he has not argued that the district court erred in rejecting his FTCA claim. *See GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 611-12 (Tex. 1999); *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). He has not shown that his FTCA claim contains legal points arguable on their merits. *Howard*, 707 F.2d at 220.

No. 18-10701

The district court also denied Wiand's motion for leave to amend his complaint to assert a *Bivens* claim, finding that the claim was time-barred and without merit.  Wiand asserts that the original filing date of his *Bivens* action reveals that it is not time-barred.  This assertion is belied by the record, and Wiand has presented no other argument with respect to the district court's conclusion.  *See Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995). Additionally, Wiand has not shown that the district court erred in finding that his *Bivens* claim lacks merit.  To state a civil rights action under *Bivens*, an inmate must show a constitutional violation.  *See Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993).  In this circuit, verbal abuse by prison guards does not give rise to a constitutional cause of action, and Congress has provided that mental and emotional injuries are not compensable when they are not accompanied by a qualifying physical injury.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (applying 42 U.S.C. § 1997e(e)); *see also Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).  Thus, Wiand has not shown that there is a nonfrivolous issue whether the district court erred in determining that the Eighth Amendment claim is time-barred and without merit.  *See Howard*, 707 F.2d at 220.

Wiand has not shown that the district court erred in determining that his appeal was not taken in good faith.  *See Baugh*, 117 F.3d at 202.  His appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

Wiand was warned previously that the filing of frivolous appeals might invite the imposition of sanctions.  *See United States v. Wiand*, 673 F. App'x 429, 430 (5th Cir. 2017).  We again WARN Wiand that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional and progressively severe sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any

3

court subject to this court's jurisdiction. Wiand should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.