United States Court of Appeals, Fifth Circuit.

No. 93-4345.

Mouawad S.B. GUIRGUIS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

June 21, 1993.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Respondent, the Immigration and Naturalization Service ("INS"), moves the court to dismiss this petition for review brought by Mouawad Guirguis. Concluding that the petition was untimely filed and that, accordingly, we are without jurisdiction, we dismiss the petition.

I.

An immigration judge ("IJ) ordered that Guirguis be deported under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended (the "Act"), 8 U.S.C. § 1251(a)(2)(A)(iii), as an aggravated felon; the IJ also ordered that Guirguis be deported under section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)-(2)(B)(i), on account of his conviction stemming from a controlled substance violation. The IJ denied Guirguis's applications for asylum and withholding of deportation under sections 208 and 243(h) of the Act, as amended, 8 U.S.C. §§ 1158(a) and 1253(h), and for waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c).

The order of deportation became a "final order" of deportation when, on March 2, 1993, the Board of Immigration Appeals ("BIA") dismissed Guirguis's appeal from the IJ's decision. *See* 8 C.F.R. § 243.1. Guirguis filed the instant petition for review on April 2, 1993, which, importantly, is thirty-one days after the BIA entered its order of dismissal.

II.

The INS argues that the petition was untimely filed and that the defect is jurisdictional. Under section 106(a)(1) of the Act, as amended, 8 U.S.C. § 1105a(a)(1), a petition for review in the

case of an alien convicted of an aggravated felony must be filed "not later than 30 days after issuance" of the final deportation order. *Pimental-Romero v. INS,* 952 F.2d 564, 564 (1st Cir.1991) (per curiam). A petition "must be filed" within the limit of section 106(a)(1) if we are to have the power to review the BIA's order. *Te Kuei Liu v. INS,* 645 F.2d 279, 282-83 (5th Cir. Unit A May 1981); *Aguilar v. INS,* 638 F.2d 717, 718 n. 1 (5th Cir. Unit B Jan. 1981) (per curiam). The time limit for filing a petition for review of a final order of deportation is "mandatory and jurisdictional." *Lee v. INS,* 685 F.2d 343, 343 (9th Cir.1982) (per curiam). *Accord Pimental-Romero,* 952 F.2d at 564.[1]

Guirguis contends, however, that he is in the custody of the INS and gave the petition to an immigration detention officer for mailing on March 27, 1993, with first class postage paid, certified mail, return receipt requested. He correctly points out that in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988), the Court held that a *pro se* prisoner who, on or before the date his notice of appeal was due to be filed, gave that notice of appeal to a prison official for mailing to the federal district court, but the notice was received by the clerk of the district court after the time for filing the notice had expired, is deemed to have filed the notice timely.

In *Houston v. Lack,* the Court based its holding upon two grounds, one of which was what it called the "policy ground[ ]," *id.* at 275, 108 S.Ct. at 2384, which is that "a *pro se* prisoner has no choice but to hand his notice [of appeal] over to prison authorities for forwarding to the court clerk" and thus has no control over whether the notice in fact is mailed promptly. *Id.* The circumstance of a detained alien appears to be similar, at least in some respects, to that of a prisoner, although there is no record here from which we can glean specific facts regarding the handling of mail in INS detention facilities or the ability, if any, of detainees to place matters directly into the mail rather than having to entrust them to INS officials.

Even assuming, however, that Guirguis's situation is similar, in that regard, to that of a

---

[1]The Act originally permitted six months in which a petitioner could file a petition for review. The provision was amended, effective January 1, 1991, to allow 90 days in most cases but only 30 days in the case, as here, of an alien convicted of an aggravated felony. *See* § 106(a)(1). "Although most cases deciding the jurisdictional issue involved the earlier statute, the reduced time period does not change the jurisdictional nature of the statutory requirement." *Stajic v. INS,* 961 F.2d 403, 404 (2d Cir.1992) (per curiam) (citing *Pimental-Romero,* 952 F.2d at 564).

prisoner, the similarity ends with the other ground relied upon (and the first one mentioned) by the Court in *Houston v. Lack*—which is a careful reading of the rules of appellate procedure applicable to appeals from district courts, FED.R.APP.P. 3(a) and 4(a). *See* 487 U.S. at 272-75, 108 S.Ct. at 2383-84. Rule 3(a) states that "[a]n appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." Rule 4(a) provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...."

The Court observed that "nothing in Rules 3 and 4 compels the conclusion that, in all cases, receipt by the clerk of the district court is the moment of filing." 487 U.S. at 274, 108 S.Ct. at 2384. Thus, the Court reasoned, there was jurisdiction if the notice of appeal was deemed "filed" at the time the prisoner delivered it to prison officials for mailing. *Id.* at 272, 108 S.Ct. at 2383.

*Houston v. Lack* is of no avail to Guirguis on this ground, for that case is governed by the rules applicable to filing notices of appeal with the clerk of a *district court,* while Guirguis, seeking review not from a district court but from an administrative agency, was required to file his petition for review with the clerk of a *court of appeals.* Consequently, the timeliness of his petition for review is determined not by rules 3(a) and 4(a) but by FED.R.APP.P. 15(a) and 25(a).

Rule 15(a) reads as follows: "Review of an order of an administrative agency, board, commission or officer ... shall be obtained by filing with the clerk of a court of appeals ..., within the time prescribed by law, a petition ... to review...." Rule 25(a) states, "Papers required or permitted to be filed in a court of appeals shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing." The corresponding rule for filings in district courts, FED.R.CIV.P. 5(e), contains no similar wording but states only that "[t]he filing of papers with the court ... shall be made by filing them with the clerk of the court...."

The phrase "received by the clerk within the time fixed for filing" in rule 25(a) renders the rationale of *Houston v. Lack* inapposite to a petition for review from an administrative agency or

board such as the BIA. Thus, the narrow exception carved out for *pro se* prisoners, based substantially upon the language of rules 3(a) and 4(a), is unavailable to petitioners aggrieved by orders of the BIA who wish to petition for review by a court of appeals.

Guirguis's petition for review was not received by the clerk of this court until the thirty-first day following entry of the order by the BIA. The petition, accordingly, is untimely, and we are without jurisdiction. The motion to dismiss the appeal is GRANTED, and the petition for review is DISMISSED.