5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kevin Roy MCKENZIE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 27, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service; No. Aai-xtp-fwc.
 I.N.S.
 DISMISSED.
 Before NORRIS, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Roy McKenzie petitions for review of a Board of Immigration Appeals (BIA) decision dismissing as frivolous his appeal from an immigration judge's order denying him any form of relief from deportation. Because McKenzie's petition for review was not timely filed with the clerk of our court, we lack jurisdiction. See Lee v. INS, 685 F.2d 343, 343 (9th Cir.1982) (The requirements of 8 U.S.C. Sec. 1105a(1) are "mandatory and jurisdictional.").
 
 
 3
 The Immigration and Naturalization Act provides:
 
 
 4
 [A] petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order, or, in the case of an alien convicted of an aggravated felony, not later than 30 days after the issuance of such order;
 
 
 5
 8 U.S.C. 1105a(1) (Supp.1993). Because McKenzie has been convicted of an aggravated felony (sale of cocaine), see 8 U.S.C. Sec. 1101(a)(43); see also Ayala-Chavez v. INS, 945 F.2d 288 (9th Cir.1991), his petition for review must have been filed not later than 30 days after the issuance of the BIA's final order, i.e., by January 13, 1992. The clerk of our court did not receive McKenzie's petition for review until January 24, 1992.[1]
 
 
 6
 However, because McKenzie is detained in an INS facility and contends that he mailed his petition for review from that facility on January 9, 1992, the clerk of our court requested briefing on whether the petition for review was timely filed under Houston v. Lack, 487 U.S. 266 (1988). Because we join the Fifth Circuit in concluding that Houston does not apply when determining whether a petition for review from an administrative agency or board decision is timely filed, see Guirguis v. INS, 993 F.2d 508, 510 (5th Cir.1993), it was not.
 
 
 7
 In Houston, the Supreme Court concluded that a pro se prisoner's notice of appeal is filed at the moment that it is deposited with prison authorities for forwarding to the clerk of the district court. Houston, 487 U.S. at 276. In so doing, the Supreme Court specifically relied on Federal Rules of Appellate Procedure 3(a) and 4(a)(1), which govern whether a notice of appeal is timely filed. Id. at 272-73.
 
 
 8
 Rule 3(a) provides: "An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." Fed.R.App.P. 3(a). Rule 4(a)(1) provides:
 
 
 9
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from;
 
 
 10
 Fed.R.App.P. 4(a)(1). Although these Rules specify that the notice of appeal should be "filed with the clerk of the district court," they do not specify when "filing" occurs. As the Supreme Court stated:
 
 
 11
 The question is one of timing, not destination: whether the moment of "filing" occurs when the notice is delivered to the prison authorities or at some later juncture in its processing. The Rules are not dispositive on this point, for neither Rule sets forth criteria for determining the moment at which the "filing" has occurred.
 
 
 12
 Houston, 487 U.S. at 273.
 
 
 13
 Because the Rules were not dispositive, the Supreme Court considered the circumstances of the pro se prisoner and attendant public policy to determine when a pro se prisoner's notice of appeal is "filed." Given that "a pro se prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk," id. at 275, that "the moment at which pro se prisoners necessarily lose control over and contact with their notices of appeal is at delivery to prison authorities, not receipt by the clerk," id., and that "relying on receipt in this context would raise yet more difficult to resolve questions whether the prison authorities were dilatory," id. at 276, the Supreme Court carved out an exception for the pro se prisoner to the general rule that receipt of the notice of appeal by the clerk of the district court marks the moment of "filing." Id.
 
 
 14
 However, whether a petition for review of an administrative agency or board decision is timely filed is governed by Federal Rules of Appellate Procedure 15(a) and 25(a), not Rules 3(a) and 4(a)(1). Importantly, Rules 15(a) and 25(a) do not share the failure of Rules 3(a) and 4(a)(1) to specify when "filing" occurs.
 
 
 15
 Rule 15(a) provides: "Review of an order of an administrative agency, board, commission or officer ... shall be obtained by filing with the clerk of a court of appeals ... within the time prescribed by law, a petition to enjoin, set aside, suspend, modify or otherwise review, or a notice of appeal...." Fed.R.App.P. 15(a). Rule 25(a) provides:
 
 
 16
 Papers required or permitted to be filed in a court of appeals shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing....
 
 
 17
 Fed.R.App.P. 25(a) (emphasis added).[2] Thus, even assuming that McKenzie's detention at an INS facility is equivalent to the incarceration in Houston, because the Rules involved here do not share the failure of the Rules involved in Houston to specify when "filing" occurs, we join the Fifth Circuit in concluding that Houston does not apply when determining whether a petition for review from an administrative agency or board decision is timely filed. See Guirguis, 993 F.2d at 510.
 
 
 18
 McKenzie's petition for review was not received by the clerk of this court until well after expiration of the 30 day deadline of Sec. 1105a(1). Therefore, his petition for review was not timely filed, and we lack jurisdiction.
 
 
 19
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Generally, receipt by the clerk of a court marks the moment of filing. See Allen v. Schnuckle, 253 F.2d 195, 197 (9th Cir.1958)
 
 
 [2]
 We are aware that Fed.R.App.P. 25(a) recently was amended to apply Houston to all papers filed in the courts of appeals by persons confined in institutions. However, the amendment, which does not take effect until December 1, 1993, cannot give us jurisdiction today