IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-41263
Summary Calendar

---

HARRISON SMITH,

Petitioner-Appellant,

versus

N. L. CONNER, Warden,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas

---

April 25, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Harrison Smith appeals the denial of his petition for writ of habeas corpus. He argues that the "mailbox" rule applies to appeals by *pro se* prisoners to the Board of Immigration Appeals, and thus his appeal, which was mailed but not received on the deadline for filing an appeal, should not have been dismissed as untimely. Because the regulations governing appeals to the BIA clearly require receipt of the appeal by the filing deadline, we reject Smith's argument and affirm the denial of habeas relief.

I

Harrison Smith is a citizen of Belize who has lived in the United States since 1985. A decade later, Smith was convicted of distribution of cocaine base, and the conviction became final in 1996. Thereafter, the Immigration and Naturalization Service initiated deportation proceedings against him. On April 16, 1997, an Immigration Judge found Smith deportable and notified Smith that the Board of Immigration Appeals must receive his notice of appeal by May 16, 1997.[1] On May 16, 1997, Harrison Smith sent his notice of appeal to the BIA by certified mail. The BIA received the notice on May 19, 1997. The BIA dismissed the appeal as untimely.

Smith then filed a petition for habeas corpus under 28 U.S.C. § 2241, seeking an order from the district court directing the BIA to accept his appeal as timely filed.[2] The district court ultimately denied the petition, and this appeal followed.

II

---

[1] Smith was found to be deportable under sections 241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the Immigration and Nationality Act, as amended (codified at 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i)).

[2] The district court had jurisdiction over this petition. The INS issued an Order to Show Cause and Notice of Hearing to Smith on January 9, 1997; Smith's appeal to the BIA was dismissed on July 18, 1997. Thus, Smith's petition is governed by the transitional rules of the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996, § 309, Pub. L. 104-208, 110 Stat. 3009-546, 625-27. The transitional rules apply to deportation proceedings that commenced before April 1, 1997, and concluded after October 30, 1996. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 302-03 (5th Cir. 1999). Under the transitional rules, federal courts have no jurisdiction to hear direct appeals from deportation orders under sections 241(a)(2)(A)(iii) or 241(a)(2)(B)(i) of the INA, but federal courts retain jurisdiction to entertain petitions of habeas corpus under 28 U.S.C. § 2241. *See Requena-Rodriguez*, 190 F.3d at 305-06.

The BIA deemed Smith's appeal untimely because it did not receive his notice of appeal until after the 30-day period for filing the appeal had lapsed. Smith contends that under the mailbox rule announced in *Houston v. Lack*,[3] a *pro se* prisoner's notice of appeal to the BIA should be deemed timely filed when it is delivered to prison officials for mailing.[4] The government counters by citing *Guirguis v. INS*,[5] which held that the mailbox rule did not apply to appeals to this court from administrative agency decisions.[6]

In *Houston*, the Supreme Court interpreted Federal Rule of Appellate Procedure 4(a). Because the rule did not define exactly what it meant to have an appeal "filed,"[7] the Court interpreted the term in light of the circumstances *pro se* prisoners face.[8] The Court noted that *pro se* prisoners have no way of personally ensuring delivery of a notice to the court or monitoring the

---

[3] 487 U.S. 266 (1988).

[4] *See id.* at 276. He notes that this court has invoked *Houston* to apply the mailbox rule to filings by prisoners in many contexts. *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) (filing of federal habeas petition in district court); *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995) (filing of civil complaint under Fed. R. Civ. P. 5(e)); *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (filing of written objections to magistrate's report and recommendation under Fed. R. Civ. P. 72(b)).

[5] 993 F.2d 508, 510 (5th Cir. 1993).

[6] The government suggests that *Guirguis* is similar to this case because both involve a challenge to an adverse deportation ruling by the BIA. *See id.* at 509.

[7] *See Houston*, 487 U.S. at 272.

[8] *See id.* at 275-76.

progress of a mailing through the postal system.  In this context, the Court concluded, "filed" must mean "delivered [ ] to the prison authorities for forwarding to the court clerk."[9]

*Houston* interpreted an undefined term in a federal rule of procedure; it did not announce a universal rule for prisoner filings.  The Supreme Court has since emphasized that when the language of the governing rule clearly defines the requirements for filing, the text of the rule should be enforced as written.[10]  We focus our attention, therefore, on the text of the INS regulations establishing procedures for filing an appeal with the BIA.[11]  We shall resort to *Houston* if the rule does not clearly define filing; otherwise, we will enforce the regulations as written.

The timeliness of appeals to the BIA is governed by 8 C.F.R. §§ 3.38 and 240.15.  They require that the notice of appeal be filed within 30 calendar days of the Immigration Judge's ruling.  Section 3.38 states, "The date of filing of the Notice of Appeal .

---

[9] *Id.* at 276.

[10] *See Fex v. Michigan*, 507 U.S. 43, 52 (1993); *see also Nigro v. Sullivan*, 40 F.3d 990, 995 (9th Cir. 1994) ("We cannot in the name of sympathy rewrite a clear procedural rule . . . .  *Fex* instructs that *Houston* policies cannot override the plain meaning of a procedural rule.").

[11] Consequently, *Guirguis*, upon which the government relies, has little relevance.  *Guirguis* involved an appeal to the court of appeals from an agency adjudication, which is governed by the Federal Rules of Appellate Procedure, rather than an appeal to the BIA from the judgment of an Immigration Judge, which is governed by INS regulations.  Also, we note that the holding of *Guirguis* has been superseded by the 1993 amendments to the Federal Rules, which took effect on December 1, 1993.  Both Federal Rules of Appellate Procedure 4 and 25 were amended to codify the mailbox rule of *Houston*.  *See* Fed. R. App. P. 4(c), 25(a)(C).  Thus, the text of the Federal Rules now explicitly applies the mailbox rule to appeals filed by inmates in both the district court and in the court of appeals.

. . shall be the date the Notice is received by the Board [of Immigration Appeals]."[12]   Section 240.15 contains virtually identical language: "The filing date is defined as the date of receipt of the Notice of Appeal by the Board of Immigration Appeals."[13]  This language is clear: "filed" means "received by the BIA."[14]  In this case, the Immigration Judge rendered his decision on April 16, 1996.[15]  For Smith's appeal to be timely, the BIA had to receive Smith's notice of appeal by May 16, 1996.  It did not.

### III

For the foregoing reasons, the denial of Harrison Smith's petition for relief is AFFIRMED.

---

[12] 8 C.F.R. § 3.38(c) (2000).

[13] 8 C.F.R. § 240.15 (2000).

[14] The BIA itself has reached the same conclusion.  *See In re J-J-*, 21 I. & N. Dec. 976, 1997 WL 434418 (B.I.A. July 31, 1997).

[15] Both the memorandum of oral decision and the notice of appeal form itself informed Smith of the 30 day time limit for filing the notice and stated that the BIA must receive the notice within that time period for the appeal to be considered timely filed.