United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60669
Summary Calendar
_____

DAWIT TESSEMA, also known as David Williams,
also known as Dan Matthews

        Petitioner

    v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL

        Respondent

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 778 333
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dawit Tessema, an Ethiopian national, petitions for review
of the Board of Immigrations Appeals' ("BIA") decision dismissing
his appeal of the Immigration Judge's order of removal.  The
Government moves to dismiss the appeal because the petition for
review was not timely filed.

An alien must file his petition for review "not later than
30 days after the date of the final order of removal."  8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1252(b)(1).  The 30-day filing deadline is jurisdictional.

Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir. 2003).

The 30-day deadline began to run in the instant case on July 16, 2003, when the BIA issued its decision, and expired on Friday August 15, 2003.  Tessema's petition for review, which was received and filed on Monday August 18, 2003, was one day late.  Tessema argues that the deadline should be equitably tolled because the delay in filing resulted from a massive power outage in the northeastern portion of the United States on August 14, 2003.

The 30-day deadline is mandatory and jurisdictional, and this court has strictly applied it.  See Karimian-Kaklaki v. INS, 997 F.2d 108, 110-11 (5th Cir. 1993); Guirquis v. INS, 993 F.2d 508, 509 (5th Cir. 1993); see also Navarro-Miranda, 330 F.3d at 676.  Because Tessema's petition for review was untimely, this court lacks jurisdiction.  The Government's motion to dismiss the appeal is GRANTED, and the petition for review is DISMISSED.