**Sergio AMPUERO–ZEBALLOS, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–60431.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 7, 2006.

Rohit C. Sharma, Tulsa, OK, for Petitioner.

David V. Bernal, Thomas Ward Hussey, Director, Linda Susan Wendtland, Office of Immigration Litigation, Ann Carroll Varnon, Alberto R. Gonzales, U.S. Department of Justice, Russell J.E. Verby, U.S. Department of Homeland Security, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, District Directors Office, New Orleans, LA, for Respondent.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Sergio Ampuero–Zeballos petitions this court for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal. Ampuero–Zeballos argues that: (1) the IJ abused his discretion in denying Ampuero–Zeballos's motion for a continuance; (2) the BIA's affirmance of the IJ's decision violated federal regulations; (3) his due process rights were violated because he did not receive the briefing schedule; and (4) he was denied his right to counsel. We deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Sergio Ampuero–Zeballos is a native and citizen of Bolivia who entered the United States on February 19, 1999, as a nonimmigrant visitor with permission to

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remain in this country for six months. On March 20, 2003, the Department of Homeland Security issued a Notice to Appear alleging that Ampuero–Zeballos had remained in the United States for longer than permitted in violation of 8 U.S.C. § 1227(a)(1)(B). Removal proceedings began on March 26, 2003.

On May 16, 2003, Ampuero–Zeballos filed a motion seeking a change of venue from Harlingen, Texas, to Dallas, Texas. Although the motion indicated that Ampuero–Zeballos was residing in Tulsa, Oklahoma, the motion requested the venue be transferred to Dallas because he maintained a residence there and relevant witnesses also resided there. In that motion, Ampuero–Zeballos, through counsel, admitted both the factual allegations in the Notice to Appear and that he was subject to removal as charged. The motion also contained a request by Ampuero–Zeballos's counsel to withdraw. In separate orders, both the motion for a change of venue and the motion to withdraw were granted on June 13, 2003. On June 17, 2003, Ampuero–Zeballos married his wife, a United States citizen.

At the hearing, Ampuero–Zeballos appeared without counsel and indicated that he wanted the proceedings transferred to Oklahoma City. The IJ explained that his attorney had requested the proceedings be transferred to Dallas and that the transfer had already occurred. The IJ then ruled that removability had been established and asked Ampuero–Zeballos to designate the country to which he wanted to be removed; he designated Bolivia. The IJ concluded the hearing by granting Ampuero–Zeballos a three-day continuance to obtain a new attorney. On October 6, 2003, Ampuero–Zeballos had secured new counsel and the IJ granted his request for another continuance so counsel would have time to prepare.

The proceedings reconvened on December 1, 2003, at which time Ampuero–Zeballos asked for a third continuance so that he could pursue an application for adjustment of status based on his June 17, 2003, marriage to a U.S. citizen. His counsel indicated that an application for adjustment had not been filed, but Ampuero–Zeballos's wife had submitted a petition for an immediate relative visa two days earlier. The IJ noted his lack of jurisdiction over a petition for an immediate relative visa, denied the request for a continuance, and entered an order of removal against Ampuero–Zeballos.

On December 31, 2003, Ampuero–Zeballos filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") arguing that the IJ erred by refusing to grant a continuance. On March 9, 2004, counsel filed a motion requesting a withdrawal. On December 1, 2004, the BIA mailed a briefing schedule to Ampuero–Zeballos at his Oklahoma address, indicating that he must file his brief by December 22, 2004. Ampuero–Zeballos contends that he did not receive the briefing schedule; consequently, he never filed a brief with the BIA. The BIA affirmed the IJ's decision without opinion on April 19, 2005. Ampuero–Zeballos filed a Petition for Review with this court on May 19, 2005.

Ampuero–Zeballos also filed a motion asking the BIA to reconsider its April 19, 2005, summary affirmance arguing that the IJ erred by failing to grant a continuance, that he did not receive the briefing schedule, and that the summary affirmance deprived him of an adequate opportunity to pursue administrative review. The BIA denied the motion for reconsideration on June 6, 2005, stating that it saw no basis for reconsideration of Ampuero–Zeballos's claim that the IJ erred, that the briefing schedule was sent to his address of record, and that the presumption of

delivery applied. Ampuero–Zeballos did not file a Petition for Review of that decision.

## II.  STANDARD OF REVIEW

"Because the BIA summarily affirmed the opinion of the IJ, we review the factual findings and legal conclusions of the IJ." *Eduard v. Ashcroft,* 379 F.3d 182, 186 (5th Cir.2004). This court reviews an IJ's refusal to grant a continuance for abuse of discretion. *See Patel v. INS,* 803 F.2d 804, 806 (5th Cir.1986). Additionally, this court reviews its jurisdiction de novo. *Balogun v. Ashcroft,* 270 F.3d 274, 277 (5th Cir.2001).

## III.  DISCUSSION

A.  Whether the IJ Abused His Discretion in Denying Petitioner's Motion for a Continuance

■ Ampuero–Zeballos contends that the IJ erred in concluding that he lacked the authority to determine whether the marriage was bona fide, and, that by denying his motion for a continuance, the IJ did not permit him to put forth the relevant evidence. We disagree. It is undisputed that Ampuero–Zeballos was not married until after the removal proceedings against him began. Accordingly, he was not eligible to seek adjustment of status on the basis of the marriage unless he could produce

> clear and convincing evidence ... that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant and no fee or other consideration was given ... for the filing of a petition.

8 U.S.C. § 1255(e)(3).

Although Ampuero–Zeballos's wife had submitted a petition for an immediate relative visa and he produced a marriage certificate showing that the two were married in June 2003, Ampuero–Zeballos had not applied for adjustment of status, nor did he produce any other evidence that the marriage was bona fide. *See* 8 C.F.R. § 1245.1(c)(9)(v) (stating that examples of evidence demonstrating that a marriage is bona fide include, inter alia, documentation showing joint ownership of property; a lease showing joint tenancy of a common residence; documentation showing commingling of financial resources; affidavits of third parties having knowledge of the bona fides of the marital relationship). Reviewing the IJ's decision under the abuse of discretion standard, we cannot conclude that the IJ erred in refusing to grant a third continuance.

B.  Whether the BIA Violated Federal Regulations by Summarily Affirming the IJ's Decision

■ The BIA may affirm an IJ's decision without a written opinion where a member of the Board concludes:

> that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>
> (A) The issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or
>
> (B) The factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

8 C.F.R. § 1003.1(e)(4). "This court has previously joined the majority of circuits in approving the authority of the BIA to affirm the immigration judge's decision without giving additional reasons." *Soadjede*

*v. Ashcroft*, 324 F.3d 830, 832 (5th Cir. 2003). Ampuero–Zeballos argues that the circumstances articulated in the regulations do not apply because without his brief, the BIA did not have sufficient information to determine whether the IJ's decision was correct. We have previously rejected the argument that we must review the BIA's decision to summarily affirm the IJ's decision. *See Garcia–Melendez v. Ashcroft*, 351 F.3d 657, 662 (5th Cir.2003). *See generally Ngure v. Ashcroft*, 367 F.3d 975, 982–88 (8th Cir.2004) (discussing whether the BIA's decision to affirm without opinion is subject to judicial review). As explained above, where the BIA summarily affirms the IJ's decision, we review the IJ's decision. Thus, the failure of Ampuero–Zeballos to submit a brief to the BIA is irrelevant; we have reviewed the IJ's decision and concluded that he did not abuse his discretion in refusing to grant a continuance. Additionally, to the extent that Ampuero–Zeballos is arguing that the BIA's procedure violates his due process rights, we have previously held that the BIA's streamlining procedure does not violate due process. *Soadjede*, 324 F.3d at 832–33. Accordingly, Ampuero–Zeballos is not entitled to review of the BIA's decision to summarily affirm the IJ's decision.

## C. Whether Petitioner's Due Process Rights Were Violated Because He Did Not Submit a Brief to the BIA

■ Ampuero–Zeballos contends that the opportunity to submit a brief was in effect a hearing and thus, he was denied due process because he did not receive the briefing schedule. He argues that the BIA erroneously relied on the presumption of delivery articulated in *In re Grijalva*, 21 I. & N. Dec. 27, 37, 1995 WL 314388 (BIA 1995), because the briefing schedule was not mailed via certified mail. We conclude we lack jurisdiction to review this claim because Ampuero–Zeballos failed to petition for review of the BIA's denial of his motion for reconsideration.

This court has jurisdiction to review final orders of removal; however, a petition for review must be filed within thirty days after the date of the final order of removal. 8 U.S.C. §§ 1252(a), (b). "The time limit for filing a petition for review of a final order of deportation is mandatory and jurisdictional." *Guirguis v. INS*, 993 F.2d 508, 509 (5th Cir.1993) (internal quotations omitted). Thus, this court only has jurisdiction to review a final order where the petitioner has timely filed a petition for review. In *Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), the Supreme Court held that pending motions for reconsideration do not toll the finality of a final order of removal. The Court explained that "[a]n order would be final when issued, irrespective of the later filing of a reconsideration motion, and the aggrieved party would seek judicial review of the order within the specified period. Upon denial of reconsideration, the petitioner would file a separate petition to review that second final order." *Id.* at 395, 115 S.Ct. 1537. The Court concluded that Congress "envisioned two separate petitions filed to review two separate final orders." *Id.* at 405, 115 S.Ct. 1537.

In the instant case, Ampuero–Zeballos timely petitioned for review of the BIA's original decision, but did not separately petition for review of the BIA's denial of his motion for reconsideration. Consequently, we have jurisdiction to review the original order, but not the motion for reconsideration. *Accord Andia v. Ashcroft*, 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) ("The petitioners failed to appeal the BIA's denial of their motion to reconsider. Both the Supreme Court and this circuit have made clear that the BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this

court to have jurisdiction."); *Khouzam v. Ashcroft*, 361 F.3d 161, 167 (2d. Cir.2004) (concluding that the court had jurisdiction to review the BIA's initial order for which the petitioner timely filed a petition for review even after the BIA denied a motion to reconsider the decision and declining to take judicial notice of the BIA's decision denying the motion for reconsideration); *see Karimian–Kaklaki v. INS*, 997 F.2d 108, 113 (5th Cir.1993) ("Because petitioners' untimely petition for review deprives us of jurisdiction to review the final order of deportation, we do not reach the merits of their appeal.").

Ampuero–Zeballos tries to circumvent this jurisdictional bar by contending he is not challenging the BIA's denial of his motion to reconsider, instead he asserts that this a due process claim. "Claims of due process violations, except for procedural errors that are correctable by the BIA, are generally not subject to the exhaustion requirement." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir.2004). "When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir.2001). Ampuero–Zeballos presented the argument to the BIA in his motion for reconsideration; however, as we explained above, we lack jurisdiction to review the BIA's decision on that motion. Consequently, we decline to consider those arguments. *Cf. Navarro–Miranda v. Ashcroft*, 330 F.3d 672, 676–77 (5th Cir.2003) ("Navarro's petition for review of the Board's denial of reconsideration of his motion to reopen his removal proceedings is dismissed as untimely. We do not, therefore, address his argument (made in his motion for reconsideration but not in his motion to reopen) that under *St. Cyr*

he should be eligible to apply to the Attorney General for discretionary relief.").

### D. Whether Ampuero–Zeballos Was Denied His Right to Counsel

Ampuero–Zeballos argues that the IJ only informed him of his right to counsel after finding that removal had been established by clear and convincing evidence. He contends that he was denied the opportunity to consult with counsel before answering questions that led to a decision regarding his removability. Because Ampuero–Zeballos failed to present this argument to the BIA, we lack jurisdiction to review this claim. There being no Sixth Amendment right to counsel in immigration proceedings, Ampuero–Zeballos relies on his statutory right to counsel. *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir.1993); 8 U.S.C. § 1362. Accordingly, Ampuero–Zeballos was required to present this claim before the BIA. Issues not raised before the BIA may not be raised for the first time before this court. *See Goonsuwan*, 252 F.3d 383 at 388–90. Moreover, assuming arguendo that we have jurisdiction to review this claim, Ampuero–Zeballos is not entitled to relief. Ampuero–Zeballos appeared without counsel at the hearing when the IJ made his ruling on removablility; however, the IJ's ruling was based on an earlier motion filed by Ampuero–Zeballos's counsel in which he conceded removability. Thus, contrary to his contention, he had the opportunity to consult with counsel before answering questions that resulted in the decision regarding his removability.

### IV. CONCLUSION

For the foregoing reasons, the petition for review is DENIED.