**Charles OKEEZIE, Petitioner,**

v.

**Michael CHERTOFF, Secretary of Homeland Security; Alberto Gonzalez, U.S. Attorney General; John Clark, Assistant Secretary for ICE; Robert E. Jolicoeur, El Paso Field Office Director of U.S. Immigration and Customs Enforcement; Alfredo Campos, Officer in Charge of El Paso Service Processing Center, Respondents.**

**No. EP–05–CA–432–DB.**

United States District Court, W.D. Texas, El Paso Division.

Oct. 18, 2006.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered Respondent Michael Chertoff's "Motion To Reconsider May 4, 2006 Order Regarding Jurisdiction, And Dismiss For Want Of Jurisdiction And Response To Show Cause Order" ("Motion To Reconsider And Dismiss For Want of Jurisdiction"), received on June 5, 2006 and filed in the above-captioned cause on June 26, 2006. On June 14, 2006, Petitioner Charles Enyinnaya F. Okeezie ("Okeezie") filed his "Response To Respondents' Motion For Reconsideration Regarding Jurisdiction And Response To Respondents' Brief On Order To Show Cause" ("Response"). After due consideration, the Court is of the opinion that Respondent's "Motion To Reconsider And Dismiss For Want of Jurisdiction" should be granted.

## BACKGROUND

This is an immigration habeas corpus action with unique circumstances centered around the affect of the REAL ID Act, Pub.L. No. 109–13, Div. B, § 106(a)(1), 119 Stat. 231, 310–11 (2005), as codified in 8 U.S.C. § 1252. 8 U.S.C.A. § 1252 et seq. (West 2005). Petitioner became a lawful permanent resident of the United States on July 31, 1979. On May 1, 1992, Petitioner was convicted of controlled substances offenses in the United States District Court for the Eastern District of Michigan. On July 30, 2004, Petitioner was served with a Notice to Appear and charged with two counts of removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). On an undisclosed date, Petitioner appeared before an Immigration Judge ("IJ") in El Paso, Texas. Petitioner applied for withholding of removal under Article 3 of the United Nations Convention Against Torture. Petitioner claimed that it was more likely than not that he would be tortured if returned to Nigeria. Petitioner also applied for political asylum pursuant to 8 U.S.C. § 1158, withholding of removal pursuant to 8 U.S.C. § 1251, and cancellation of removal under former 8 U.S.C. § 118(c). In support of his claims, Petitioner presented evidence that he would be impris-

oned and tortured upon return to Nigeria. On September 1, 2004, the IJ denied all relief Petitioner sought and found him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon. Petitioner appealed the IJ's determination, which the Board of Immigration Appeals ("BIA") denied on February 3, 2005.

On May 11, 2005, the REAL ID Act was enacted. The Act eliminated district court habeas corpus jurisdiction over orders of removal. Section 106(a)(1) of the REAL ID Act granted Courts of Appeals exclusive appellate jurisdiction over orders of removal. REAL ID Act, Pub.L. No. 109–13, Div. B, § 106(a)(1).

On June 9, 2005, Petitioner filed a Petition for review of his removal order in the United States Court of Appeals for the Fifth Circuit. The Government filed a Motion to Dismiss with the Fifth Circuit and argued that the Court of Appeals lacked jurisdiction over Petitioner's case as the Petition was filed more than 30 days after the final removal order. On November 7, 2005, the Fifth Circuit deemed the Petition untimely and granted the Government's Motion to Dismiss. On November 17, 2005, Petitioner filed a "Petition For Writ Of Habeas Corpus" with the Court. Respondent filed a "Motion To Dismiss Petition" on November 28, 2005. Petitioner filed a "Revised Response To Respondent's Motion to Dismiss For Lack Of Jurisdiction" on December 28, 2005. On May 4, 2006, the Court issued a Memorandum Opinion and Order ("May 4, 2006 Order") that denied Respondent's "Motion To Dismiss Petition." The instant Motion followed.

## DISCUSSION

 As an initial matter, the Court addresses its decision to reconsider its previous ruling. As a court of limited subject matter jurisdiction, the Court is required to assure itself that Congress has authorized it to act. "For a court to pronounce upon the meaning or the constitutionality of a .... federal law when it has no jurisdiction to do so is, by very definition, for a court to act *ultra vires.*" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101–02, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their subject-matter jurisdiction." *MCG, Inc. v. Great W. Energy Corp.,* 896 F.2d 170, 173 (5th Cir. 1990). "The issue may be raised by parties, or by the court *sua sponte,* at any time." *Id.* Thus, the Court reexamines the issue of subject-matter jurisdiction at this time.

In the instant Motion, Respondent urges the Court to reconsider its May 4, 2006 Order because the Court lacks subject matter jurisdiction. Respondent argues the REAL ID Act unambiguously applies to cases like Okeezie's, and the Fifth Circuit has subsequently rejected Okeezie's arguments. *See Charles Enyinna Okeezie v. Alberto R. Gonzales,* No. 05–60497 (5th Cir. April 20, 2006). Respondent, therefore, avers that reconsideration is warranted in light of the Fifth Circuit's decision. *Id.* Respondent also disputes Okeezie's claim that it was "legally impossible" to file a petition for review and responds that Okeezie simply neglected to take his case to any forum prior to the enactment of the REAL ID Act. Respondent prays that the Court withdraw its prior ruling, hold that it lacks subject matter jurisdiction, and accordingly dismiss this case.

In his Response, Okeezie reasserts his position requesting his right to judicial review and avers that either party could have informed the court of the Fifth Circuit's decision of April 20, 2006. Okeezie argues that the blame, and adverse result, for not notifying the Court should not rest

on him. Okeezie reiterates the argument he laid out in detail in his jurisdictional motion, offering that the Fifth Circuit's dismissal of his appeal only serves to bolster his claim that he has been denied judicial review and due process. The Court notes that Okeezie advised the Court, albeit in a footnote, that he intended to petition the Fifth Circuit for rehearing en banc of the decision not to entertain his petition for review. Okeezie so petitioned the Fifth Circuit, and presented the panel essentially the same arguments from his earlier response to the Court. Upon receipt of Okeezie's petition for rehearing, the Fifth Circuit directed Respondent to file a response to petitioner's arguments. Ultimately, the Fifth Circuit denied Okeezie's petition as untimely. *See Okeezie v. Gonzales*, No. 05–60497. The Fifth Circuit's order further noted that no member of the panel requested that the panel be polled as to whether the matter should be reheard en banc. As it now stands, there is substantial conflict between the Fifth Circuit ruling and the Court's May 4, 2006 Order.

### A. Lack of Subject Matter Jurisdiction

■ Before the REAL ID Act, aliens removable on the basis of criminal convictions were barred from filing petitions for review to raise claims for relief from removal. *See* 8 U.S.C.A. § 1252(a)(2) (West 2005). Therefore, as a criminal alien, Okeezie's only route to raise his Convention Against Torture claims was by habeas in district court pursuant to 28 U.S.C. § 2241. When Congress passed the REAL ID Act, it completely altered this landscape.

The REAL ID Act eliminated district court habeas review of final removal orders and vested jurisdiction to the Courts of Appeals. *See* REAL ID Act, Pub.L. No. 109–13, Div. B, § 106(a)(1), 119 Stat. 231, 310–11 (2005). The REAL ID Act broadened the Courts of Appeals' jurisdiction. Amended § 1252(a)(2)(D) "removes jurisdictional bars to direct review of questions of law in final removal, deportation, and exclusion orders." *Rodriguez–Castro v. Gonzales*, 427 F.3d 316, 319 (5th Cir. 2005). REAL ID Act § 106(a) amended the Immigration and Nationality Act ("INA") to restore the Courts of Appeals' jurisdiction to review legal and constitutional claims raised by criminal aliens. *See* 8 U.S.C. § 1252(a)(2)(D).

Respondent argues that the REAL ID Act prevents the Court from deciding the merits of Okeezie's belated habeas petition. Respondent further avers that when the BIA dismissed Okeezie's appeal on February 3, 2005, the law generally required an alien seeking judicial review of an immigration enforcement decision to file some petition in some court within 30 days. Respondent points out that INA section 242(b)(1), 8 U.S.C. § 1252(b)(1) expressly imposed a 30–day requirement on petitions for review. The Court agrees with Respondent. Since 1991, aliens convicted of aggravated felonies are subject to a 30–day filing requirement for judicial review of deportation orders. *See Guirguis v. INS*, 993 F.2d 508, 509 & n. 1 (5th Cir.1993). The INA further restricted the scope of judicial review to questions relating to alienage and removability incident to the court's jurisdiction-to-determine-jurisdiction inquiry. *Id.* at 509–10. A failure to file a timely petition for review barred consideration of such issues in habeas corpus. *See, e.g., Alwan v. Ashcroft*, 388 F.3d 507, 512 (5th Cir.2004); *Garcia v. Reno*, 234 F.3d 257, 259 (5th Cir.2000). The Courts of Appeals indicated that failing to file a habeas corpus petition within 30 days would prejudice the alien's ability to obtain judicial review. *See, e.g., Acevedo–Carranza v. Ashcroft*, 371 F.3d 539,

542–43 (9th Cir.2004) (holding that the court lacks jurisdiction to receive transfer of habeas petition filed after 30–day period elapsed); *see also Lopez v. Heinauer,* 332 F.3d 507, 511 (8th Cir.2003).

Respondent argues that Okeezie acted at his peril by not filing either a petition for review or a petition for writ of habeas corpus within 30 days. Shortly after the REAL ID Act was passed, the Fifth Circuit held "[i]f an alien is ordered removed, he should file a petition for review; if this court lacks jurisdiction to hear that petition for review, only then may he file a petition for habeas corpus." *Lee v. Gonzales,* 410 F.3d 778, 784 (5th Cir.2005). The Court agrees with Respondent. Okeezie risked forfeiting whatever judicial review might be available to him on his Convention Against Torture claim, and also faced the possibility of removal from the United States without a judicial stay. While the law may have been unclear as to the appellate timeline and his filing deadlines, Okeezie should have known he was potentially forfeiting any right to challenge alienage or removability. The Court sees no logical reason why criminal aliens could sit on their rights indefinitely, filing whenever they chose, when a non-criminal alien is required to comply with a 30–day time limit to obtain review of a Convention Against Torture claim denial via a petition for review.

Despite the above-cited authorities, Okeezie failed to file a petition of any kind within 30 days. In fact, he filed his habeas petition 97 days after the removal became final. Granted, Okeezie did notify the Court that he was "diligently preparing" a petition for review during this time. Still, Congress found 30 days to be a sufficient window in which to file a petition for review. Okeezie waited 97 to file his petition. Okeezie has not pointed to facts that could justify his failure to file within the three-month period between the BIA's decision and enactment of the REAL ID Act. Okeezie neglected to take his case to any forum prior to the enactment of the REAL ID Act.

Okeezie filed a habeas petition after enactment of the REAL ID Act. Adhering to the Fifth Circuit's dismissal of Okeezie's petition for review, the Court finds that it too must dismiss his habeas petition for want of jurisdiction. Therefore, the Court is of the opinion that it lacks subject matter jurisdiction to hear Okeezie's cause of action.

## CONCLUSION

The Court has a "continuing obligation to examine the basis for subject-matter jurisdiction." *MCG, Inc.,* 896 F.2d at 173. As such, the Court reconsiders its May 4, 2006 Order. Subsequently, the Fifth Circuit entertained similar arguments that the Parties previously presented to the Court and denied Okeezie's petition. *See Okeezie v. Gonzales,* No. 05–60497. In light of this conflict between the Fifth Circuit's decision and the Court's May 4, 2006 Order, the Court reexamines jurisdiction in the instant case. The Court finds that Okeezie acted at his peril by not filing either a petition for review or a petition for writ of habeas corpus within 30 days of his removal order. Thus, the Court finds it lacks jurisdiction over this case. After careful consideration of the issues, the Court is of the opinion that Respondent's "Motion To Reconsider And Dismiss For Want of Jurisdiction" should be granted.

Accordingly, **IT IS HEREBY OR-DERED** that Respondent Michael Chertoff's "Motion To Reconsider And Dismiss For Want of Jurisdiction" is **GRANTED.**

**IT IS FURTHER ORDERED** that this cause is DISMISSED for want of jurisdiction.

**IT IS FINALLY ORDERED** that all other pending motions, if any, are **DENIED AS MOOT.**