# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2010

Charles R. Fulbruge III
Clerk

No. 08-61082
Summary Calendar

ZHENGHAO LIU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 367 597

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Zhenghao Liu, a citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") November 4, 2008 order ("November 4th Order"), denying Liu's motion to reconsider its earlier denial to reopen Liu's application for asylum. Because the BIA did not abuse its considerable discretion in this matter, we deny Liu's petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-61082

## I. FACTUAL AND PROCEDURAL BACKGROUND

Liu entered the United States illegally in 2003. In January 2004, Liu filed an application for asylum, withholding of removal, and protection under the implementing regulations of the United States' adoption of the Convention Against Torture. The Department of Homeland Security ("DHS") commenced removal proceedings against Liu in April 2004. An Immigration Judge ("IJ") considered Liu's application and DHS's removal proceeding at trial. The IJ denied Liu's requested relief, found that he was not eligible for voluntary departure, and ordered that he should be removed to China. The BIA dismissed Liu's administrative appeal of the IJ's order on April 30, 2007.

Liu did not file a petition for review of the BIA's dismissal. Rather, on June 16, 2008, Liu filed a motion to reopen his original application for asylum with the BIA, claiming asylum under a new theory. Liu alleged that, while in DHS custody, he was baptized as a Christian. He subsequently sent religious materials, including a copy of his baptism certificate, to relatives in China. Liu also submitted papers purporting to show that local Chinese officials learned of Liu's mailings and informed his mother that he must report to Chinese authorities for questioning or be subject to arrest. Liu claimed these new developments established a well-founded fear of persecution on the basis of his religious beliefs.

In an August 20, 2008 order ("August 20th Order"), the BIA rejected Liu's motion to reopen as untimely. The BIA found that Liu's motion to reopen did not fall within the exception for changed country conditions because Liu's conversion amounted to a change in personal circumstances. Liu's supporting documents did not persuade the BIA, which noted errors of authentication and questions concerning originality.

Liu responded to the August 20th Order with two motions: a petition for review, filed with this Court on September 29, 2008, and a motion to reconsider,

2

No. 08-61082

filed with the BIA on September 18, 2009. We rejected Liu's petition for review as untimely in a December 22, 2008 order. The BIA denied Liu's motion to reconsider in its November 4th Order, finding that Liu offered no new or previously unavailable evidence, and that Liu had failed to demonstrate an error of fact or law in the BIA's August 20th Order. Liu petitions us for review of that denial.

## II. ANALYSIS

In his petition, Liu asks us to review the BIA's denial of his motion to reopen as well as its denial of his motion to reconsider. The Government contends that Liu improperly seeks collateral review of the BIA's August 20th Order. We agree that a party may not collaterally attack a BIA ruling in a petition for review of a motion to reconsider. *See Guervara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (holding that DHS's motion to reconsider was a collateral attack on a BIA order). We also agree that Liu wrongly asks us to review the BIA's August 20th Order denying his motion to reopen.

We previously held that Liu's motion to reopen the August 20th Order was untimely. Despite this ruling, Liu focuses his arguments on alleged errors in the BIA's August 20th Order, arguing that the BIA improperly rejected Liu's offered evidence as unauthenticated and unoriginal. Liu's attempt to solicit our review of the August 20th Order clearly falls outside of the thirty-day statutory limitation provided by 8 U.S.C. § 1252(b)(1), and we therefore lack jurisdiction to consider Liu's arguments against the BIA's August 20th Order. *Cf. Guirguis v. INS*, 993 F.2d 508, 509 (5th Cir. 1993) (holding that the "time limit for filing a petition for review of a final order of deportation" is jurisdictional). We therefore constrain our consideration of Liu's petition to his arguments against the BIA's November 4th Order denying his motion for reconsideration.

We review the BIA's denial of Liu's motion to reconsider under a highly deferential abuse of discretion standard. 8 C.F.R. § 1003.2(a) ("The decision to

3

No. 08-61082

grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . ."); *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) (reviewing a motion to reconsider for abuse of discretion). "[W]e will not disturb the BIA's discretion so long as it 'is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008) (quoting *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)).

Liu fails to specify any errors of law or fact in the BIA's August 20th Order. *See* 8 U.S.C. § 1229a(c)(6)(C) (requiring that a motion to reconsider to "specify the errors of law or fact in the previous order"); 8 C.F.R. § 1003.2(b)(1) (same). Rather, Liu offers explanations for his failure to submit authenticated or original evidence in his original motion to reopen. Liu's proffered explanations do not establish that the BIA abused its considerable discretion when it denied his motion to reconsider.

### III. CONCLUSION

For the foregoing reasons, we deny Liu's petition to review the BIA's denial of his motion to reconsider.

DENIED.