**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1277
_____

MIGUEL ANGEL CABRERA-OZORIA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-362-405)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 5, 2011

Before:  FUENTES, GREENAWAY, JR. and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 8, 2011)
_____

OPINION
_____

PER CURIAM

Miguel Angel Cabrera-Ozoria petitions for review of a final order of the Board of

Immigration Appeals (BIA) dismissing his appeal of his removal order.  For the reasons

discussed below, we will deny the petition for review.

Cabrera-Ozoria is a citizen of the Dominican Republic. He was admitted to the United States as a lawful permanent resident in 1978. Soon thereafter, he enlisted in the United States military, and was eventually honorably discharged. In 1996, he filed an application for naturalization, which the Immigration and Naturalization Service denied. Then, in 2001, he was indicted in the United States District Court for the District of Massachusetts for a drug conspiracy in violation of 21 U.S.C. § 846. Cabrera-Ozoria pleaded guilty to the charge and was sentenced to 216 months' imprisonment.

As a result of this conviction, the Department of Homeland Security initiated removal proceedings against Cabrera-Ozoria, contending that he was removable because, among other things, he had been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). Cabrera-Ozoria presented two defenses: (1) his crime did not qualify as an aggravated felony; and (2) as a result of his military service he had become a naturalized United States citizen. An Immigration Judge (IJ) rejected Cabrera-Ozoria's arguments and found him removable. Cabrera-Ozoria appealed this decision to the BIA, which dismissed his appeal. He then filed a petition for review with this Court.

As an initial matter, the government argues that Cabrera-Ozoria's petition for review was untimely and should therefore be dismissed for lack of jurisdiction. His petition for review was due within 30 days of the final order of removal, see 8 U.S.C. § 1252(b)(1) — that is, by January 20, 2011— but did not reach this Court until January 28, 2011. However, Cabrera-Ozoria submitted his petition to prison authorities one day

2

before the deadline, on January 19, 2011. Thus, if the prison-mailbox rule applies, Cabrera-Ozoria's petition for review was timely.

The government relies on Guirguis v. INS, 993 F.2d 508, 509-10 (5th Cir. 1993), where the Fifth Circuit concluded that the prison-mailbox rule does not apply to petitions for review in immigration cases. The Guirguis court reached this conclusion through close analysis of the Federal Rules of Appellate Procedure; it observed that Rules 3 and 4, which govern filing in district courts, were amenable to the prison-mailbox rule, while Rules 15 and 25, which govern filing in the courts of appeals, were not. See id. at 510.

However, after Guirguis was issued, Rule 25 was amended to include a provision concerning inmate filing, which states, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day of filing." Rule 25(a)(2)(C). The Fifth Circuit, in dicta, has noted that this amendment has "superseded" the rule of Guirguis. See Smith v. Conner, 250 F.3d 277, 279 n.11 (5th Cir. 2001). Moreover, the Second Circuit has relied on this amendment to conclude that the prison-mailbox rule does apply to petitions for review. See Arango-Aradondo v. INS, 13 F.3d 610, 612 (2d Cir. 1994). We agree with these courts that the prison-mailbox rule is available to inmates who file petitions for review of final removal orders. Accordingly, since Cabrera-Ozoria deposited his petition for review in the prison's internal mailing system in compliance with Fed. R. App. P. 25(a)(2)(C) within

3

the limitations period, the petition was timely filed.[1]

Our jurisdiction to review Cabrera-Ozoria's petition is, however, limited. Pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)," namely, an aggravated felony. Nevertheless, "we have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a non-reviewable aggravated felony." Stubbs v. Att'y Gen., 452 F.3d 251, 253 n.4 (3d Cir. 2006). We also retain jurisdiction over constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D).

Cabrera-Ozoria argues that the BIA, in determining that his conviction under 21 U.S.C. § 846 qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), misapplied the categorical approach set forth by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005). Although his argument is not entirely clear, he appears to contend that the BIA was permitted to consider only the language of 21 U.S.C. § 846,[2] and that the statutory language alone does not establish that his crime was an aggravated felony.

---

[1]     We therefore deny the government's motion to dismiss the appeal.

[2]     Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

4

We are not persuaded by Cabrera-Ozoria's argument. Conspiracy to commit an aggravated felony is itself an aggravated felony. 8 U.S.C. § 1101(a)(43)(U). We therefore must consider whether the substantive crime that was the object of the conspiracy qualifies as an aggravated felony under § 1101(a)(43). See Tran v. Gonzales, 414 F.3d 464, 468 n.3 (3d Cir. 2005); see also Kamagate v. Ashcroft, 385 F.3d 144, 152-53 (2d Cir. 2004). And to identify the object of the conspiracy, we may look to the indictment. See Shepard, 544 U.S. at 26; Conteh v. Gonzales, 461 F.3d 45, 59 (1st Cir. 2006).

Here, the indictment charged Cabrera-Ozoria with conspiracy to possess and distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846. This substantive offense — possession and distribution of more than five kilograms of cocaine — unquestionably qualifies as an aggravated felony. Section 1101(a)(43)(B) defines "aggravated felony" to include "a drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c)(2), in turn, defines a "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Moreover, the Controlled Substances Act (CSA) "defines as „felonies' . . . those crimes to which it assigns a punishment exceeding one year's imprisonment." See Lopez v. Gonzales, 549 U.S. 47, 56 n.7 (2006). Thus, a conviction will qualify as an aggravated felony under § 1101(a)(43)(B) if it is for a crime that is punishable under the CSA and for which more than one year's imprisonment may be

5

imposed. The object of Cabrera-Ozoria's conspiracy meets these requirements: § 841 is part of the CSA and prescribes a maximum penalty of life imprisonment, see § 842(b)(1)(A). Accordingly, we agree with the BIA that Cabrera-Ozoria was convicted of an aggravated felony.

We observe that on appeal, Cabrera-Ozoria has not renewed his argument that he became a citizen on account of his service in the military.[3] He does argue that he is eligible to apply for naturalization. However, even assuming that Cabrera-Ozoria is correct on this legal issue (which is questionable, given his aggravated-felony conviction, see, e.g., O'Sullivan v. U.S. Citizenship & Immigration Servs., 453 F.3d 809, 812 (7th Cir. 2006)), he remains removable. See, e.g., Zegrean v. Att'y Gen., 602 F.3d 273, 274-75 (3d Cir. 2010).

Accordingly, we will deny the petition for review.

---

[3] Any such argument would fail. We have held that one must complete the process of becoming a naturalized citizen to be deemed a United States national. See Salim v. Ashcroft, 350 F.3d 307, 309-10 (3d Cir. 2003).