

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2008

# Akkaya v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4441

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Akkaya v. Atty Gen USA" (2008). *2008 Decisions*. Paper 840.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/840

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-4441
_____

HAYRETTIN AKKAYA;
IPEK AKKAYA;
ATAKAN AKKAYA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A75-846-501, A45-647-111 & A45-647-112)
Immigration Judge: Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion Filed    July 15, 2008 )

_____

OPINION
_____

PER CURIAM

Petitioners seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reconsider its previous dismissal as untimely of their appeal from an order of removal issued by an Immigration Judge ("IJ"). For the following reasons, we will deny their petition for review.

## I.

Petitioners are natives and citizens of Turkey. The lead petitioner is Hayrettin Akkaya; the others are his children, whose claims are derivative of his. They were admitted as conditional permanent residents in 1998 by reason of the father's marriage to a United States citizen. His wife initially sponsored an I-751 petition to remove the conditions on petitioners' residence. In 2001, however, she obtained an annulment of the marriage in New Jersey state court, which granted it after finding (as she had argued) that the "marriage was the product of fraud . . . in that [the husband] was proceeding with the pretended marriage for the sole purpose of securing United States citizenship[.]" (A.68.) The wife thereafter withdrew her petition, and the government finally terminated petitioners' conditional residence status and filed a notice to appear charging them as removable on that basis under 8 U.S.C. § 1227(a)(1)(D)(i).

In a written decision issued June 29, 2007, and mailed on July 2, 2007, the IJ found that the New Jersey annulment decree was conclusive and ordered petitioners' removal to Turkey. Petitioners had 30 days from the date of mailing, or until August 1,

2

2007, to appeal that decision to the BIA. See 8 C.F.R. § 1003.38(b); Popal v. Gonzales, 416 F.3d 249, 252 & n.1 (3d Cir. 2005). The BIA received petitioners' notice of appeal one day late, on August 2, and it was deemed filed on that day. See 8 C.F.R. § 1003.38(c). By order dated August 24, 2007, the BIA dismissed the appeal as untimely. Petitioners then filed a motion with the BIA to reopen. They conceded that the appeal was technically late, but argued that (1) the untimeliness should be excused because it resulted from a clerical error by counsel's assistant, who mistakenly mailed the notice of appeal to the wrong address, and (2) the time to appeal should be deemed to run from the date they actually received the IJ's order (July 5) instead of the July 2 date of mailing. The BIA denied the motion by order dated October 23, 2007, and petitioners filed a petition for review.

## II.

We begin by clarifying that the BIA's October 23 order is the only order before us. We do not have jurisdiction to review the IJ's underlying order of removal because petitioners did not timely appeal that order to the BIA. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003). For this reason, we may not and do not consider petitioners' arguments that the IJ's decision was erroneous. Nor do we have jurisdiction to review the BIA's initial order of August 24 dismissing petitioners' appeal as untimely, because petitioners did not file a petition for review in this Court within 30 days of that order. See Stone v. INS, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable,

3

when issued. Its finality is not affected by the subsequent filing of a motion to reconsider."); Nwogu v. Gonzales, 491 F.3d 80, 84 (2d Cir. 2007). Petitioners did, however, timely petition for review of the October 23 order denying their motion to reopen. Thus, we have jurisdiction to review that order under 8 U.S.C. § 1252(a). See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We review the BIA's denial of a motion to reopen for abuse of discretion, and will disturb it "only if it was 'arbitrary, irrational, or contrary to law.'" Id. (citation omitted). In applying that standard, we review legal conclusions de novo and review factual determinations for substantial evidence. See id.[1]

Petitioners, however, have raised no argument that the BIA abused its discretion in denying their motion. Instead, they merely repeat the two arguments that they presented to the BIA. We do not believe that the BIA abused its discretion in rejecting them. Petitioners' first argument is that their appeal, due on August 1 and received on August 2, should be deemed timely because their counsel's assistant mailed it on July 27 but mistakenly directed it to the wrong address. The BIA rejected this argument by explaining that it does not follow a "mailbox rule" and that appeals must actually be received by the BIA within 30 days of the date on which an IJ mails a written order. The

[1] Petitioners captioned their motion before the BIA as one for reopening, but the BIA treated it as one for reconsideration and petitioners have referred to it as a motion for reconsideration in all the papers they have filed with this Court. Although motions for reopening and for reconsideration serve distinct purposes, the standard of review applicable to both types of motions is the same. See Borges, 402 F.3d at 404.

4

BIA's understanding of the pertinent regulation is correct. See 8 C.F.R. § 1003.38(c); Smith v. Conner, 250 F.3d 277, 279 (5th Cir. 2001). The BIA acted within its discretion in applying the regulation, and petitioners have not cited any error of law, mistake of fact or legal authority that might suggest otherwise.

Petitioner's second argument is that the appeal period should not have been deemed to begin running on July 2, the date on the cover letter enclosing the IJ's June 29 decision, because there is no evidence of record conclusively showing when the decision was mailed and petitioners' counsel did not actually receive it until July 5. The BIA rejected this argument by explaining that, under 8 C.F.R. § 1003.38(b), the time for appealing begins to run from the date on which the IJ mails a written decision, not from the date on which a petitioner receives it. The BIA's understanding of this regulation too is correct. In applying it, the BIA must implicitly have found (as it did explicitly in its initial order dismissing petitioners' appeal) that the IJ mailed his decision on July 2. Petitioners appear to argue that that conclusion is not supported by the record, but they are wrong: the July 2 date on the cover letter supports the BIA's conclusion that the decision was mailed on that date. Moreover, "nothing in the record compels the conclusion that the decision was not mailed on [July 2], as would be required to reverse a factual determination made by the BIA as to timeliness." Poole v. Mukasey, 522 F.3d 259, 263 (2d Cir. 2008).

In sum, the BIA did not act arbitrarily, irrationally or contrary to law in applying the relevant regulations. Accordingly, petitioners' petition for review will be DENIED.